### In re SHREVEPORT PROPERTIES LTD.

**Bankruptcy No. 584–00952–S11.**

United States Bankruptcy Court,
W.D. Louisiana,
Shreveport Division.

Jan. 4, 1985.

---

Henry G. Hobbs, Jr., Weems, Abney, Wright, Adams & Medlin, Shreveport, La., for Shreveport Properties, Ltd.

John O. Hayter, III, Petross, Greer & Hayter, Shreveport, La., for Silver Circle Corp.

## MEMORANDUM AND ORDER

LeROY SMALLENBERGER, Bankruptcy Judge.

This bankruptcy proceeding was filed, on July 11, 1984. On July 11, 1984, Shreveport Properties Ltd., filed in the District Court of Bossier Parish a suit in Redhibition against Silver Circle Corporation, creditor. On August 14, 1984, Silver Circle Corporation filed a Motion to Lift Stay and for Adequate Protection. This matter was set for hearing, on August 2, 1984. At the

hearing, the parties involved were instructed to submit memorandums in support of their respective positions.

The facts relevant to this motion are basically not in dispute.

1. The creditor, Silver Circle Corporation, sold to the debtor, Shreveport Properties Ltd., an apartment project containing 137 units, located at 2301 Alameda Drive, Bossier City, Louisiana, hereinafter referred to as the "property".

2. The sale of the property was concluded, on January 11, 1984. The sale was financed by giving a $1,500,000.00 collateral note and mortgage to First Federal Savings and Loan of Shreveport, (first Mortgagee), and a $250,000.00 note and mortgage to the creditor, (second Mortgagee).

3. Under the terms of the note given to creditor, $100,000.00 was due ninety days after the date of execution of said sale. This amount was not paid. The creditor filed an executory proceeding in state court to collect the entire amount due on the note, on May 11, 1984.

4. On July 10, 1984, the debtor filed for relief under Chapter 11.

5. On July 11, 1984, the debtor filed an action in redhibition based upon defects found in the property sold by the creditor to the debtor.

6. The creditor filed a Motion to Lift Stay and For Adequate Protection, on August 14, 1984, praying for the lifting of the automatic stay. The thrust of the motion was to foreclose on the property; or to provide adequate protection; or to account for cash collateral and to deposit same in a special account.

7. A hearing was scheduled for this matter, on August 28, 1984. At the hearing, debtor raised the defense that the pending state court action must be concluded before this Court can entertain the creditor's Motion to Lift the Stay.

This Court instructed the parties to submit memorandums addressing this issue. The creditor, Silver Circle Corporation, through its memorandum, would have this court classify debtors' pending action of

redhibition in State District Court as a counterclaim. This action was filed before the Motion to Lift Stay was filed. Creditor would also urge that its claim is not in dispute because the existence or validity of the note and mortgage has not been attacked. Creditor's assertions will be addressed during the Court's analysis of the requirements to be met in order for a stay to be lifted.

Section 362, subsection (d) of Title 11 gives 2 basis for the lifting, modifying or conditioning of a stay. The first basis is "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C.A. § 362(d)(1). The second basis for lifting a stay against property is that the debtor has no equity in the property *and* the property is not necessary to an effective reorganization. 11 U.S.C.A. Section 362(d)(2)(A) & (B). Lack of Equity in the property is not adequate in and of itself to warrant the lifting of the stay. There must also accompany the lack of Equity, the nonnecessity of the property for an effective reorganization. It appears from the pleadings in the record of this case that the property involved constitutes the only asset by which an effective reorganization can be formulated; therefore, the second basis for lifting a stay will not be further explored.

 This brings the Court to the first basis for lifting a stay, that being a lack of adequate protection. The determination of whether a secured creditor is adequately protected involves an evaluation of the indebtedness owed to the creditor and of the property securing the indebtedness. *In Re Shockley Forest Industries, Inc.*, 5 B.R. 160 (Bkrtcy., N.D.Ga., 1980), *In Re Rogers Development Corporation*, 2 B.R. 679 (Bkrtcy., E.D.Va., 1980). If there is equity, then the creditor is fully secured. If not, he may have a secured claim for less than the amount due on the note and mortgage, and be unsecured for the balance.

The creditor would have this Court view the indebtedness from the amount due on the note and mortgage as being fully secured. This is too restrictive a reading of claim. The note and mortgage is only as good as the indebtedness which it secures. Here, the indebtedness resulted from the sale of certain real property. Debtor's suit in redhibition is a direct attack upon the sale of such property. Without the sale of property there would be no indebtedness, and without any indebtedness the note and mortgage are unenforceable. As stated more appropriately in *United Companies Fin. Corp. v. Brantley*, 6 B.R. 178 (Bkrtcy., N.D.Fla.1980), "if, by reason of an alleged violation of the statute of frauds, usury, unconscionability, lack of consideration, or other similar circumstance, the debt is unenforceable.

 Since the suit in redhibition bears directly upon the amount of the creditor's claim, and such claim is the basis for determining adequate protection, therefore the Motion to Lift the Stay and for Adequate Protection should be held in abeyance until such time as the suit in redhibition is heard on the merits.